Green, J.
delivered the opinion of the court.
This was an injunction to stay the sale of the property in controversy, and not one that affected the debt of defendant, or in any way interfered with its collection, by the execution of any other property belonging to Pursel. Upon the dissolution of this injunction, therefore, no judgment ought to have been rendered against the complainant.
Wilson and St. John were partners in trade, and the survivor might sue and was liable to be sued; upon the death of Wilson, therefore, no revivor was necessary against his personal representatives, but his death might have been suggested and the cause properly proceeded in against St. John as surviving partner. The dismission of the bill for want of having Wilson’s personal representatives before the court, was erroneous. The judgment against the security in the prosecution bond for the costs was unauthorized and illegal. He was not before the court, and can only be rendered liable for the costs, after an execution against the complainant shall fail of satisfaction, and upon being brought before the court by a scire facias.
The decree must be reversed, and the complainant may have a decree against St. John, as surviving partner of Wilson and St. John, for the amount of money he may have paid in discharge of the judgment against him on the dissolution of the injunction, together with interest from the time it was paid by him.
As to the merits of the bill, the case is against the complainant. This court has no jurisdiction to afford *111 relief in such case. The remedy at' law is plain, unembarrassed and adequate. The practice of the courts in this State, in restraining the sale of slaves under circumstances similar to those set forth in this bill, furnishes an exception to the general rule. That exception is founded upon the peculiar character of that description of property.
The judgment on the dissolution of the injunction, and the judgment against the security for costs, will be reversed; but because the court has no jurisdiction to afford relief as prayed for in the bill, it must be dismissed, the complainant paying the costs of the court below, and the defendant, St. John, the costs of the appeal.
Bill dismissed.